UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jennie F. Bowens | ) | C/A No.: 5:12-1827-GRA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Carolyn W. Colvin, Acting Commissioner of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court for a review of Magistrate Judge Kaymani D. West's Report and Recommendation made in accordance with 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(a) DSC, and filed August 15, 2013.  Jennie F. Bowens ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's final decision to deny Plaintiff's claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI").  The magistrate recommends that the Commissioner's decision be reversed and the case be remanded to the Commissioner for further administrative proceedings.

## Background

Plaintiff filed an application for DIB and SSI on December 30, 2008 alleging that constant back pain had left her disabled since September 8, 2008.  The Commissioner denied the applications both initially and on reconsideration.  Following a hearing on September 8, 2010, the administrative law judge ("ALJ") found, on September 24, 2010, that Plaintiff was not disabled and denied the claim.  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on May 2, 2012.  *See* 20 C.F.R. § 422.210(a).

## **Standard of Review**

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is also charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff has not filed any objections, and the Commissioner notified the Court on August 30, 2013, ECF No. 27, that she would not be filing any objections.

## Conclusion

After a thorough review of the record, and Report and Recommendation, this Court finds that the magistrate's Report and Recommendation applied sound legal principles to the facts of this case. Therefore, this Court accepts and adopts the Report and Recommendation in its entirety.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is REVERSED, and the case is REMANDED for the purpose of re-evaluating the impact of Plaintiff's combined impairments, and for such further administrative proceedings consistent with this opinion.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

September 24, 2013
Anderson, South Carolina