UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Jennie F. Bowens,<br><br>    Plaintiff,<br><br>v.<br><br>Carolyn Colvin,<br>Acting Commissioner of Social Security,<br><br>    Defendant.<br>_____ | C/A No.: 5:12-cv-01827-GRA<br><br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the Court upon Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiff seeks fees in the amount of $4,251.08, which represents 23.40 hours of attorney's work at the hourly rate of $181.67. ECF No. 34. The Commissioner filed a response in opposition to an award of attorney's fees to Plaintiff on January 3, 2014. ECF No. 35. Plaintiff filed a reply to the Commissioner's response on January 12, 2014. ECF No. 36. For the reasons stated herein, Plaintiff's motion is hereby GRANTED.

## **Background**

Plaintiff filed an application for social security disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits in December 2008. The Commissioner denied both applications initially and on reconsideration. Plaintiff requested a hearing, and following the hearing, on September 8, 2010, the administrative law judge ("ALJ"), found that Plaintiff was not under a disability as defined in the Social Security Act, as amended. The ALJ's finding became the final

decision of the Commissioner of Social Security when it was approved by the Appeals Council on May 2, 2012.

Plaintiff filed the instant action seeking judicial review of the Commissioner's final decision on July 2, 2012. ECF No. 1. The matter was initially referred to United States Magistrate Judge Kaymani D. West for a Report and Recommendation, which was issued on August 15, 2013. ECF No. 25. Plaintiff filed no objections to the Report and Recommendation, and on August 30, 2013, the Commissioner notified the Court that the government would not file objections to the report. ECF No. 27. On September 24, 2013, the Court adopted the Report and Recommendation, reversed the Commissioner's decision, and remanded the case for further administrative proceedings. ECF No. 32.

## Discussion

Under the EAJA, a party who prevails in litigation against the United States is entitled to an award of attorney's fees and costs upon timely petition unless the Court finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (2006). The Commissioner does not dispute that Plaintiff constitutes a "prevailing party" in this case. Nonetheless, the Commissioner asserts that the government's position in this case was substantially justified. ECF No. 35.

The government has the burden of proving that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). In determining whether the government's position was substantially justified, the Court "consider[s] the totality of the circumstances." *Hyatt v. Barnhart*, 315 F.3d 239, 244–45 (4th Cir.

2002). To be substantially justified, the government's position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In other words, the government must establish that its position has a reasonable basis in both law and fact. *Id.* If "the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, it was not substantially justified." *Makinson v. Astrue*, 586 F.Supp.2d 491, 495 (D.S.C. 2008); *see Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991) ("The government's non-acquiescence in the law of the circuit entitles the claimant to recover attorney fees.").

In the Report and Recommendation, the Magistrate Judge found that the ALJ's decision did not "discuss his consideration of the cumulative effect of Plaintiff's physical and mental impairments." ECF No. 25 at 16. The Magistrate Judge concluded that the "ALJ's failure to consider—or, at least his failure to explain his consideration of—Plaintiff's physical and mental impairments in combination" in his decision was not supported by substantial evidence. ECF No. 25 at 16. Because the ALJ's decision did not "discuss his consideration of the cumulative effect of Plaintiff's physical and mental impairments," the Magistrate Judge recommended that the decision of the ALJ be reversed and that the case be remanded for further administrative action. ECF No. 25. The Court adopted the Magistrate Judge's Report and Recommendation in its entirety. ECF No. 32.

The Commissioner argues that the government's position was substantially justified because the government "relied on an arguably defensible administrative record in defending the case." ECF No. 35 at 4 (internal citation omitted).

Specifically, the Commissioner argues that the government's position "that the ALJ did not err with respect to consideration of the combined effects of Plaintiff's impairments" was a reasonable defense "given the ALJ's reference to Plaintiff's 'combination of impairments,' discussion of each of Plaintiff's impairments, and reference to the requirement that he consider Plaintiff's 'combination' of impairments." ECF No. 35 at 3–4. Plaintiff contends that the government's position in this case was not substantially justified because the position taken by the government "was not consistent with law and legal precedent." ECF No. 34-1 at 1. Specifically, Plaintiff argues that the government "failed to follow the combination of impairments evaluation standard clearly set out in the Fourth Circuit." ECF No. 36. Here, the ALJ's decision failed to follow the proper analysis for evaluating the cumulative effect a combination of impairments has on a claimant's ability to work, and as such, the Court cannot find that the ALJ complied with SSR 02-1p and *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989).

For these reasons, the Court finds that the government has not met its burden of showing that its position was substantially justified, and no special circumstances exist that would make an award of attorney's fees to Plaintiff unjust. Upon review of Plaintiff's motion and supporting affidavit, the Court finds that the amount of $4,251.08, representing 23.40 hours of attorney's work at the hourly rate of $181.67, is reasonable. In paying an EAJA award, the award must be made payable directly to Plaintiff and not Plaintiff's attorney. *See Astrue v. Ratliff*, 505 U.S. ___, 130 S.Ct. 2521 (June 14, 2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing

federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for attorney's fees pursuant to the EAJA in the amount of $4,251.08 is hereby GRANTED. Defendant is directed to make this amount payable to Plaintiff.

**IT IS SO ORDERED.**

*[Signature]*

G. Ross Anderson, Jr.
Senior United States District Judge

March  24 , 2014
Anderson, South Carolina